# ANDREW C. WILSON

### *v.*

# THE SCHOOL DIRECTORS, Etc.

1. SCHOOL DIRECTORS—*have no right to sue in respect to school house land.* A suit to compel a deed for property used as a school house site, can be brought only in the name of the school trustees, or in the name of some tax-payer or other person having a pecuniary interest in the matter, by showing that the trustees refused to perform their duty. The school directors can not bring such suit in their official capacity.

2. SCHOOL MATTERS—*dedication of land for school site.* Where land has been dedicated for a school house site and used as such for twenty years, and its boundaries are fixed, it seems the trustees will have the right to hold the same for school purposes. And if the former owner can be required to make a deed, he will only be required to make such as will confirm the dedication. He can not be required to make an absolute and unconditional one.

WRIT OF ERROR to the Circuit Court of Calhoun county; the Hon. CYRUS EPLER, Judge, presiding.

Mr. H. CASE, for the plaintiff in error.

Messrs. HODGES & BURR, for the defendants in error.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

This was a suit in chancery, brought in the court below, by the "School Directors," to compel a conveyance of a small tract of land used as a site for a school house in said district, to be made by Wilson to the school trustees of their township.

By the bill, answer and proof, it appears that for more than 20 years a school house had been upon the site, though the paper title was in Wilson and those through whom he derived title. About 1870 Wilson and wife signed and sealed a conveyance purporting to convey the land in question to the trustees "for school purposes and no other." This deed was placed in the hands of the treasurer of the township and remained there for several years. The trustees of schools, as such, took no action on the subject. The description in the deed was not very definite, and was unsatisfactory to some of the citizens, and the qualification as to the use was also objectionable. For these and other reasons the deed was not recorded.

Wilson was willing to make the description definite, and to that end the deed was put into his hands to have a new deed prepared. Wilson was one of the trustees of schools, and a Mr. Lowe was another. Wilson took the old deed to Lowe's house and they together prepared a new deed, in which the ground in question was accurately described by metes and bounds. In this deed there was a provision, that when the property ceased to be used for school purposes it should revert to Wilson. Wilson, in the presence of Lowe, burned the old deed, and Wilson and his wife made and acknowledged the new deed, and the same was in all respects executed save the delivery. Before it was delivered some fault was found with the deed and Wilson destroyed that deed.

Some of the parties in interest instituted a suit in the name of the trustees of schools, (seeking the same relief sought in this suit), which, by order of a majority of the trustees, was dismissed.

Then this suit was instituted, setting up that the trustees of schools had dismissed the first suit and refused to institute and prosecute another suit to accomplish the end sought.

At the hearing the circuit court made a decree requiring Wilson to convey the unqualified fee in the lands in question to the trustees of schools by deed.

This decree can not be sustained. The trustees of schools, as a *quasi* corporation, had the control of the whole matter. The school directors, as such, had no lawful authority to interfere in the matter, and have no such interest in the subject matter as enables them to bring or maintain this suit, even if Wilson were in duty bound to make such conveyance as that required by the decree. A suit for such purpose could only be maintained in the name of the trustees of schools, or in the name of some tax-payer or other person having a pecuniary interest in the matter, by showing that the trustees refused to perform their duty. The law invests the school directors with no such interest.

The decree is wrong upon the merits. The evidence tends to show a dedication of the land to the public for the purpose of the site of a school house. The first deed was merely intended to confirm this dedication and declare it distinctly. The proof does not show any acceptance of that deed by the trustees of schools. It is true, that no formal acceptance is necessary, but some circumstances must indicate an acceptance by the grantee. Where it is clearly to the interest of the grantee to accept a grant, an acceptance may, in same cases, be presumed. Here, however, the trustees of schools could take no more by the first deed than they held by means of the dedication before the deed was made. The description in the deed, in fact, was not so satisfactory as the boundaries already defined by the dedication. These considerations leave the question with such surroundings that no

acceptance can be presumed. The treasurer had no power to accept. The trustees never did accept, and may well have believed that their interests stood better without the deed than with it. If the facts are such as to make it the duty of Wilson to make a new deed, he can only be required to make such a deed as will simply affirm the dedication. The trustees of schools hold that property by dedication, for use as a site for a school house.

Wilson is in no event bound to make a deed conveying any greater right than that to this property.

The new deed made by Wilson ought to have been accepted.

The decree is reversed and the suit dismissed.

*Decree reversed.*