RICHARD RUBLE

v.

SCHOOL DISTRICT No. 5.

*Schools—Control of School Houses—Sec. 39, Chap. 122, R. S.—Removal of School House by One Director—Bill to Enjoin—Practice.*

1. The supervision and control of school houses being vested by Sec. 39, Chap. 122, R. S., in school directors, one director of a given district may be restrained, upon a bill filed by the others, from raising and removing to another site the school house of such district.

2. The question of whether a school house should be removed to a given site, or if at all, can not be decided by one director, but must be settled by a majority of them.

3. The fact that the bill in such case is not sworn to by any of the directors, but by a person who is a resident and tax payer of the district, cuts no figure, as such persons are proper parties in cases of this sort.

[Opinion filed December 3, 1891.]

APPEAL from the Circuit Court of Morgan County; the Hon. CYRUS EPLER, Judge, presiding.

Mr. WILLIAM A. CRAWLEY, for appellant.

Mr. OWEN P. THOMPSON, for appellee.

BOGGS, J. On the 18th of August, 1890, a bill in chancery was presented to the Hon. Cyrus Epler, judge of the Morgan Circuit Court, on behalf of School District No. 5, etc., John Walsh and Julius Strawn, school directors of said district, and James G. Strawn, a resident and tax payer of the district, wherein it is alleged that in 1889, a new school house was completed under the provisions of the statute in said district, and is the property of the said district; that afterward, in 1890, an election was had and held in the district, at which a proposition to remove said school building to another site was submitted to the electors; that this election resulted in a tie vote, an equal number voting for and against the proposition; that Richard Ruble, the defendant, also one of the school directors of said district, without consultation with the two complainant directors and though no order had been made authorizing or permitting him so to do, had set about the removal of said school building, and was then engaged in raising the same from its foundations and proceeding to remove it from the location. Wherefore it is prayed that said Richard Ruble be enjoined from removing said school building from its present location, or taking it from its foundation, etc. Upon consideration of the bill a preliminary injunction was awarded.

Upon the coming on of the cause at the November term, 1890, of the Circuit Court of Morgan County, the defendant presented a demurrer to the bill, the grounds whereof are:

1. That the allegations of the bill are not sufficient to entitle complainants to the relief prayed.

2. The trustees of schools for said township 15 are the proper party complainant, not said school district No. 5.

The court overruled the demurrer, and the defendant elected to abide thereby, refused to answer, and was defaulted, and a decree rendered making the preliminary injunction perpetual, to reverse which this appeal is prosecuted.

Sec. 39, Chap. 122 of the Revised Statutes, so far as it relates to the questions here involved, is as follows:

"The board of trustees of each township in the State * * * are hereby invested in their corporate capacity with the title, care and custody of all school houses and school house

sites; but the supervision and control of them is expressly vested in the directors of each district in which said property is situated," etc.

The supervision and control of school houses is thus expressly vested in the directors. The bill in this case alleges that the defendant (the appellant) has assumed exclusive individual control of the school house of the district, and is engaged in raising it from its foundation, with the intention of removing it from its present site. This is a clear interference with the right given the directors to its control, and no reason is perceived why, at their instance, the restraining power of the court may not be invoked.

True it is that the trustees are invested with the title, care and custody, but it is the control of the school house that is here involved, and that is vested in the directors.

In support of the view that the trustees and not the directors, are the proper party complainant, the cases of Barber v. Trustees, 51 Ill. 396, and Wilson v. School Directors, 81 Ill. 180, are cited by the appellant. The first of these cases was an action of trespass *quare clausum* brought by the trustees against Wilson for removing a building erected and formerly used as a school house. The defendant had been in possession of the building for a year before the suit was brought, and the directors were not in possession at the time when the trespass for which the action was brought was committed. It is there said: "Had the directors been in the actual occupancy of the house when the trespass was committed, they probably might have maintained the action. But they were not in possession nor had they the title, hence they can not maintain an action." No one being in the actual occupancy of the house, it was held that the legal title which rested in the trustees in contemplation of law, drew to it the legal possession at the time of the trespass, and the right of action in such case was in the trustees. The case in 81 Ill. 180, above cited, was a bill in chancery to compel a specific performance of a contract to convey a tract of land for a school house, and it was held that the trustees were the proper party complainants, for the very evident reason that the law vested the title of school sites in the trustees and not in the directors.

Nothing said in either case militates against the view that directors have the control of school houses, and that position established, the right of action to prevent interference with the proper exercise of that right must logically and legally rest in the directors.

The bill, it is said, is obnoxious to the demurrer because it does not distinctly allege that no selection of a new site was made by the directors after the election, which under the statute may be done. In this respect the allegations are that the complainant directors, constituting a majority of the board, have made no order for the removal of the school house and that the defendant is proceeding to remove it without any legal authority. This, appellant says, may all be admitted to be true, and yet that as no date is given when the election was held, it may be that there were then other directors composing the board who did make an order for the selection of a new site. The statements of the bill are loosely and vaguely drawn, but occur to us to be sufficient, because, even if a new site had been selected by the board when otherwise composed, the question of when the house should be removed to it, or whether removed at all, could not be decided by one of the directors, but by the majority thereof. In no view that can be taken is the defendant to be justified in forcibly removing the building.

Our especial attention is called to the fact that the bill is sworn to by James G. Strawn only, and not by one of the directors. Strawn is a resident and tax payer of the district, and while we do not regard him as a necessary party to the proceeding, yet he is a proper party, and it is not requisite that all the complainants should verify the bill, but the affidavit of any proper party is sufficient.

The decree perpetually enjoins the defendant from drawing or taking the house from its foundation, and from interfering with its present location. This is said to be erroneous, but no reason is given and we perceive none in its support. The decree is affirmed.

*Decree affirmed.*