THE PEOPLE *ex rel.* Raymond, County Collector,

*v.*

THE CHICAGO AND NORTHWESTERN RAILWAY COMPANY.

*Opinion filed June 21, 1900.*

1. SCHOOLS—*cost of proposed building need not be submitted to voters.* Section 31 of article 5 of the School law of 1889, concerning the submission to the electors of the question of building a school house, does not require that the cost of such building be voted upon.

2. TAXES—*when levy for "building purposes" is valid.* A levy for building purposes, within the statutory limit, to make up the difference between the cost of a school building and the amount realized from the sale of bonds, is valid, where the election at which the erection of the building was authorized did not limit the cost to the amount of the bonds voted nor specify the purpose for which the bonds were to be issued.

APPEAL from the County Court of Cook county; the Hon. O. H. GILMORE, Judge, presiding.

OTTO RAYMOND BARNETT, for appellant.

E. E. OSBORN, (A. W. PULVER, and LLOYD W. BOWERS, of counsel,) for appellee.

Mr. CHIEF JUSTICE BOGGS delivered the opinion of the court:

Glencoe school district, in the county of Cook, owned block 25 in the village of Glencoe, which had been selected as the location of the site for a new school house building by the voters of the said district at an election duly and legally called for the purpose of submitting that question to the electors of that district. In pursuance to the prayer of the petition required in such cases by the provisions of the fifth subdivision of section 10, article 6, chapter 122, entitled "Schools," (Hurd's Stat. 1889, p. 1239,) the board of education of said district submitted to the voters of the district, at an election called to be held on

the 5th day of February, 1898, the proposition to build a
new school house on said block 25, at which election a
majority of the electors voted for the proposition to build
said school house on said block.   The call for the elec-
tion also submitted to the voters the proposition that
bonds of the district in the sum of $14,500 should be
issued.   The call specified that $5000 in amount of these
bonds were for the purpose of refunding antecedent ex-
isting indebtedness, but did not specify the purpose for
which the remainder of said bonds, $9500, were to be
issued.   The proposition to issue the bonds as submitted
was also carried at said election.   For some reason not
clearly disclosed, the proposition to issue the bonds of
the district as specified in the proposition for the first
election was re-submitted to the electors of the district
at an election held on the 2d day of April, 1898, which
election resulted in favor of the proposition authorizing
the issue of the said amount of $14,500 in bonds, of which
amount $5000 of said bonds in value were denominated
refunding bonds, but the object or purpose to which the
other bonds in the value of $9500 were to be devoted was
not in any manner indicated in the proposition upon
which the electors were called to vote.   There was noth-
ing, therefore, in the language of either of the propo-
sitions upon which the electors were called to vote, to
authorize the assumption upon which the appellee in the
greater degree rests its argument, that the electors voted
in favor of building a school house and of issuing bonds
with the understanding that the cost of the proposed
school house should not exceed the sum of $9500, that
being the sum or amount of the bonds authorized to be
issued, in addition to the bonds to be issued for the pur-
pose of refunding the then existing debt of the district.
Acting in virtue of the result of the said election and of
the authority conferred upon them by the statute, the
board of education of said district contracted to have
erected, and caused to be erected, a new school house on

said block 25, at a cost of about $21,700. The board of
education sold the bonds in the sum of $9500 for $9700
net, which sum, together with the sum of $3000 then in
their treasury, they devoted to the purpose of building
the said school house, and authorized and directed the
levy of a tax upon all taxable property of the district to
raise the sum of $8000 for "building purposes." Such levy
did not exceed three per cent of the assessed value of
the taxable property in the district, which was the rate
per cent then limited by the statute for that purpose.
This levy at the requisite rate per cent was duly extended
against the property of the appellee company situated
in the district. The appellee company interposed ob-
jections to the application of the relator collector for a
judgment against its property for the amount of such
levy. The county court sustained the objections, and the
correctness of that ruling is presented by this appeal.

The voters of the school district, at the election
whereby they determined to build the school house, did
not express by their vote a limit of expenditures for that
purpose, nor was any such expression of the will of the
voters involved in the election afterwards held author-
izing the issue of the bonds of the district. The levy
must, therefore, be upheld unless the board of education
were otherwise lacking in authority to direct such levy
to be made. The vote of the electors empowered the
board of education to erect a new school house. (Hurd's
Stat. 1889, chap. 122, sec. 31 of art. 5, and clause 5 of
sec. 10, art. 6.) Said section 31 does not require that
the cost of the contemplated school house shall be sub-
mitted to the electors, but only the question whether a
new school house shall be erected. Under the authority
of the election here under consideration the character of
the building proper to answer the demands of the district,
and also the amount to be devoted to that purpose, is com-
mitted to the judgment and discretion of the board of edu-
cation, subject only to the limitation found in the statute

as to the power of the board to obtain the means wherewith to construct the building. Section 1 of article 8 of said chapter 122 restricts the annual levy which the board may make for building purposes to a levy of three per cent (now reduced by a later enactment) on the assessed valuation of the taxable property of the district, and section 1 of article 9 of the same chapter prohibits the board from borrowing money for the purposes of building a school house unless authorized so to do by a vote of the electors of the district, and other provisions of the same section 1 restrict the power of the voters to authorize the board to borrow in any one year a sum exceeding five per cent, including existing indebtedness, of the taxable property of the district. These provisions of the statute unmistakably establish that the extent of the authority intended to be vested in boards of education had received the consideration of the General Assembly, and to engraft a further limitation upon the power and authority of the board by mere construction would be to exercise a legislative, not a judicial, function.

In the case at bar the district had in its treasury the sum of $3000 which was applicable to the expense of erecting a school house. The annual levy which the board was authorized to make for building purposes would produce about $8000. In order to procure a school house which would cost $20,000 it was necessary that about $9500 more should be secured. This amount could only be obtained through a loan negotiated under the authority of a vote of the electors. The board called an election for the purpose of securing the requisite authority to borrow that sum. The electors responded and directed the loan to be made. If the call for this election had been so framed as to limit the total expenditures in the matter of constructing a school house to the amount of the aggregate of the bonds authorized to be issued, a different question as to the validity of the levy of an additional amount for building purposes might be presented.

We think the levy made by the board of education for building purposes was fully authorized and entirely valid. The county court erred in holding otherwise, and its judgment must be and is reversed and the cause remanded, with directions to overrule the objections.

*Reversed and remanded, with directions.*