MARKS BANKS *et al.*

*v.*

THE SCHOOL DIRECTORS OF DISTRICT No. 1, etc.

</div>

*Opinion filed December 18, 1901—Rehearing denied February 7, 1902.*

1. EASEMENTS—*a way by necessity is based upon grant.* A way by necessity is one which is incident to a grant and without which the grant would be useless.

2. SAME—*when way by necessity to a school site is not acquired.* If a tract of land in the center of an enclosed pasture is condemned for a school site without any attempt to condemn a right of way to such site, no way by necessity can be claimed as incident to the title acquired by the condemnation judgment. (*Kiehna* v. *Mansker,* 178 Ill. 15, distinguished.)

3. SCHOOLS—*trustees of schools are the proper parties to condemn land for school site.* The trustees of schools, and not the school directors, are the proper parties to petition for the condemnation of land for a school site, and a condemnation judgment vesting title in the school directors upon their petition is without authority of law.

APPEAL from the County Court of McLean county; the Hon. ROLLAND A. RUSSELL, Judge, presiding.

ROWELL, NEVILLE & LINDLEY, for appellants.

CHARLES M. PEIRCE, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellees filed their petition in the county court of McLean county, alleging that a certain tract of land 12.7 rods square had been chosen as a school house site, and that they had been unable to agree with the appellant Marks Banks, the owner, or the other appellant, Millard Banks, a tenant by sufferance of the premises, upon the compensation to be paid for the same, and asking the court to ascertain such compensation and vest title in them under the eminent domain laws of the State, upon payment of such compensation. Appellants were made defendants and demurred to the petition. Their demurrer was overruled, and they filed an answer alleging, among other things, that the tract sought to be condemned was in the center of an enclosed pasture and that there were no public roads near the site or right of way to the same. The answer was stricken from the files. Defendants then filed a cross-petition alleging the same facts and that they refused to grant any right of way to the site, and claiming damages to the whole tract by reason of the location of the school house in the center, not including any damages for right of way to the school house. There was a trial before a jury, and they returned a verdict finding the value of the land taken to be $75 and the damage to the remaining land $100, to be paid to the defendant Marks Banks, the owner, and damages for the leasehold interest of Millard Banks fifty cents. The court entered the judgment provided for by the statute, that upon payment of the compensation so ascertained the petitioners should have the right to enter upon the tract and the use of the same as a school house site.

The school district is composed of four sections of land. The defendant Marks Banks owns a farm of three

hundred and seventy-four acres, and his son, Millard Banks, the other defendant, is tenant at sufferance of the land. The tract which the petition asked to condemn is near the center of an enclosed pasture, and there is no highway to the proposed site. The district has no right of way to that place nor any right to pass over the defendants' land to reach it. The petition did not ask for a right of way or specify any way or proposed way to the site, but simply asked for a condemnation of the tract. The defendants insisted at the trial that their land could not be taken in the manner proposed. In their cross-petition they expressly excluded any damages for a right of way to the tract, and none were assessed. The judgment authorized the petitioners to enter upon the use of the tract of land described in the petition upon paying the compensation assessed, although they had no right of way to it and acquired none in the proceeding. Counsel say that they could condemn the tract in the center of defendants' lands under the statute, and, having acquired the land, they would then have a way, by necessity, to it from the public highway; that having obtained good title to the site the law would give them a right of way which defendants could locate in the first instance, and upon their failure to do so the school directors could make such a location.

The rules under which a way by necessity arises and is presumed to have been granted cannot be applied to this case, and no such way would be acquired by condemning the tract. When anything is granted all the means to attain it are granted with it, and pass inclusive with the grant of the thing itself. So if one grants a piece of land in the midst of his own he thereby impliedly grants a way to reach it, and the grantee may cross the grantor's land for that purpose without trespass. (Sheppard's Touchstone, 96.) In such a case the way itself is granted by the owner, and the rule is stated in 2 Blackstone's Commentaries, 35, note, as follows: "A way of

necessity, when the nature of it is considered, will be found to be nothing else but a way by grant. It derives its origin from a grant, for there seems to be no difference where a thing is granted by express words, and where, by operation of law, it pass as incident to the grant." In 3 Kent's Commentaries, 420, it is said: "Thus, if a man sells land to another which is wholly surrounded by his own land, in this case the purchaser is entitled to a right of way over the other's ground to arrive at his own land. The way is a necessary incident to the grant, and without which the grant would be useless." The principle of law cannot be applied here, because there is no grant of the thing and no implication that a way was an incident to be included with it. It is proposed to take defendants' land by compulsory means, not including any right of way, and having obtained the tract, claim the way from necessity. The court could not authorize petitioners to enter into possession by going across land where they had no right to go, where they had not condemned or attempted to condemn any right of way, and neither could the officer of the court put them into possession without a trespass.

It is urged that we decided in *Kiehna* v. *Mansker*, 178 Ill. 15, that if a site for a school house was obtained there would be a right of way to it. In that case the site was conveyed by Walkinghorst, and the evidence was that he gave the directors the right to build the school house and to have a route to the site. There was either a way by necessity, arising by implication from the grant of the land, or an express license, and the case came within established principles of law. It does not tend to support the claim made here.

The judgment of the court was erroneous in attempting to give petitioners a right not acquired by them.

By the statute the trustees of schools are invested in their corporate capacity with the title, care and custody

of all school houses and school house sites within their respective townships. (Starr & Cur. Stat. 1896, chap. 122, art. 3, sec. 31, p. 3659.) All conveyances of real estate are to be made to them in their corporate capacity, and they are to sell and convey sites which have become unsuitable, unnecessary or inconvenient. School directors are given the control and supervision of school houses in their respective districts, and may decide when a school house site may become unnecessary, unsuitable or inconvenient. They are authorized to agree upon or determine the compensation to be paid for a school house site with the parties interested in the land, and in case of failure they may proceed to have such compensation determined in the manner which may be at the time provided by law for the exercise of the right of eminent domain. (Starr & Cur. Stat. 1896, chap. 122, art. 5, sec. 32, p. 3689.) But if they should agree upon the compensation to be paid and obtain a conveyance of the real estate for a school house site it would be made to the trustees of schools, and not to them. If they fail to agree, the method provided by law for vesting title for the public use is by a proceeding to condemn the land, and the title would have to be vested in the trustees. The trustees are consequently the proper and necessary petitioners in whom, under the statute, the judgment of the court vests the title upon the payment of the compensation. In the case of *Wilson* v. *School Directors*, 81 Ill. 180, a bill was filed by school directors to compel the conveyance of a site for a school house to the school trustees of the township, but it was held that the decree requiring such conveyance could not be sustained and that the trustees of schools had control of the whole matter. It was said that the school directors had no such interest in the subject matter as would enable them to maintain the suit, even if the defendant were in duty bound to make the conveyance. If school directors could not even file a bill for a conveyance to the school trustees, they certainly

could not file a petition to obtain title in themselves by condemnation, and a judgment vesting title in them upon payment of compensation is without authority of law.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*