JEPTHA C. THOMPSON *et al.*

*v.*

THE TRUSTEES OF SCHOOLS.

*Opinion filed December 20, 1905.*

1. SCHOOLS—*boards of education of township high schools have powers of school directors.* Boards of education of township high schools are empowered to discharge the duties of school directors, and have same power to acquire a school site by condemnation as is vested in school directors by sections 31 and 32 of the School law.

2. SAME—*notices calling election need not specify site of school house.* Notices calling for an election to vote on building a township high school need not specify the site to be chosen, and voters may express their choice of a site whether it is one specified in the notice or not.

3. SAME—*amount to be expended need not be specified in notice.* A notice for an election to vote on building a township high school need not call for an expression of the voters as to the amount to be expended in the purchase of a site or in the construction of the building, since those matters are committed to the board of education, subject to the limitations respecting the levy of taxes.

4. SAME—*right of board of education to acquire school site by purchase or condemnation.* Under section 31 of the School law, and its proviso, and section 32, an affirmative vote of the electors selecting a site for a township high school invests the board of education with power to acquire the site by purchase or condemnation.

APPEAL from the County Court of Knox county; the Hon. J. D. WELSH, Judge, presiding.

·WILLIAMS, LAWRENCE & GREEN, for appellants.

CARNEY, CARNEY & FRANK, for appellees.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This was a petition filed by the appellees, trustees of schools for Rio township, Knox county, praying for the condemnation of a certain tract of land described therein by metes and bounds and for convenience herein spoken of as "the Thompson site," to be used as a site for the location of a township high school. The petition was filed in pursuance of a resolution adopted ·by the board of education of Rio township high school asking that such action be taken by the school trustees. The appellants, owners of the tract of land sought to be condemned, entered a motion to dismiss the petition on the ground the trustees were lacking in power to exercise the right of eminent domain as to this tract of land. The motion was denied, and after a hearing judgment of condemnation was entered as prayed, and this appeal has been perfected to reverse the judgment.

The motion raised the question of the power of the board of trustees to take the property of the appellants without their consent by the exercise of the right of eminent domain. This power, if it exists, is conferred by the statute. Boards of education of township high schools are empowered to discharge the duties of directors of schools for school districts. (3 Starr & Cur. Stat. chap. 122, art. 3, sec. 41, p. 3661.) The authority of boards of directors to acquire a site for a school house by condemnation of the land necessary. for such site is to be found in sections 31 and 32 of the School law. (3 Starr & Cur. Stat. p. 3689.) These sections are as follows:

"Sec. 31. It shall not be lawful for a board of directors to purchase or locate a school house site, or to purchase, build or move a school house, or to levy a tax to extend schools beyond nine months, without a vote of the people at

an election called and conducted as required by section 4 of article 9 of this act. A majority of the votes cast shall be necessary to authorize the directors to act: *Provided,* that if no one locality shall receive a majority of all the votes cast at such election, the directors may, if in their judgment the public interest requires it, proceed to select a suitable school house site; and the site so chosen by them shall in such case, be legal and valid, the same as if it had been determined by a majority of the votes cast; and the site so selected by either of the methods above provided shall be the school house site for such district; and said district shall have the right to take the same for the purpose of a school house site either with or without the owner's consent by condemnation or otherwise.

"Sec. 32. In case the compensation to be paid for the school house site mentioned in the preceding section cannot for any reason be agreed upon or determined between the school directors and the parties interested in the land taken for such site, then it shall be the duty of the directors of such district to proceed to have such compensation determined in the manner which may be at the time provided by law for the exercise of the right of eminent domain: *Provided,* that no tract of land lying outside of the limits of any incorporated city or village, and lying within forty rods of the dwelling house of the owner of the land, shall be taken for a school site without the owner's consent."

In the case at bar it was proven that the board of education in and for the high school district caused to be submitted to the electors of that district, at an election called and conducted as required by section 4 of article 9 of the School law, a proposition to build a township high school in Rio township and also propositions for the selection of either of two designated sites on which to locate the school house; that the proposition to build a township high school building received a majority of the votes cast at such election; that no votes were cast for the selection of either of the sites desig-

nated in the call for the election, but that a majority of the voters expressed upon the tickets voted by them their choice of the premises here sought to be condemned as for the site of the proposed new high school building. The statute does not require that the sites for the school house shall be specified in the notices calling the election, and the specification of two sites in the notice was surplusage. (*People* v. *Sisson,* 98 Ill. 335.) It is within the province of the voters to select the site for the school house, and this right is not to be abridged by the directors in framing the notice or call for the election. It was entirely lawful for the voters at the election to cast their ballots expressing their choice of a site though the site so chosen was neither of those specified in the call or notice for the election.

It was not essential that an expression of the will of the voters as to the amount which should be expended in the purchase of the site or in the construction of the building or as to the area of the plat of ground to constitute a site for the building should have been called for in the notice for the election or given by the electors at the election. These matters are committed to the judgment and discretion of the board of education, subject to the limitations found in the statute as to the power of the board to levy and collect taxes. Such is, in principle, decided in *People* v. *Chicago and Northwestern Railway Co.* 186 Ill. 139, and *People* v. *Peoria and Eastern Railroad Co.* 216 id. 221.

The election in the case at bar then had the legal effect to authorize the board of education to locate the site for the school house on the premises selected by the electors, being the premises here sought to be condemned, and to build a high school building for the district thereon.

But it is argued that said section 31 in express terms declares it to be unlawful for the board of education to purchase a site for a school house unless the authority to purchase has been submitted to the voters at the election and has received a majority of the votes cast at that election con-

ferring authority on the board of education to so purchase a site. A superficial reading of section 31 would induce the conclusion that this contention is well grounded, but when the proviso to the section and section 32 are read and given meaning and effect it clearly appears that an affirmative vote of the electors selecting premises as the site for the school house invests the board of education with power to acquire · that site, either by purchase or by the exercise of the right of eminent domain. The proviso to section 31 provides that if no one locality shall receive a majority of all the votes cast at such election as the choice of the electors for the site of the school building the board of education may proceed to select a suitable site for the school building, and the proviso declares that the site so chosen by the board of education shall be a legal and valid location for the school house, the same as if it had been determined by a majority of the votes cast, and that the site selected by either of the methods above provided, (that is, by a majority of the electors or by the school authorities,) shall be the school house site, and the district "shall have the right to take the same for the purposes of a school house site, either with or without the owner's consent by condemnation or otherwise." Power to take with the owner's consent means power to purchase, and that power is, by the terms of the proviso, clearly conferred on the directors of the board of education by the action of a majority of the voters in selecting premises on which it is their will a school house for the district shall be built.

Section 32 is also consistent only with the view that the selection, by the voters, of a site for a school house empowers the board of education to enter into negotiations with the owner of the premises so selected for the purchase thereof, and to acquire the same by condemnation if the compensation to be paid such owners cannot be agreed upon.

The judgment of the county court must be and is affirmed.                              *Judgment affirmed.*