## John W. McDaniel v. School Directors of District No. Sixteen, Stephenson County.

### Gen. No. 4,584.

1. **Forcible detainer**—*what school authorities may maintain.* In an action of forcible detainer the school directors are the proper plaintiffs; where, however, the title to land is involved, the school trustees are the proper plaintiffs.

2. **Forcible detainer**—*when one without right of possession may successfully maintain.* Where one is in peaceable possession of a house he may recover possession of such house where his possession has been invaded, notwithstanding he is without any claim of right.

3. **School directors**—*when status as, cannot be questioned.* In an action of forcible detainer the defendant cannot question the manner and legality of the election of the school directors who are plaintiffs.

Action of forcible detainer. Appeal from the Circuit Court of Stephenson County; the Hon. Oscar E. Heard, Judge, presiding. Heard in this court at the October term, 1905. Affirmed. Opinion filed March 10, 1906.

R. J. Carnahan, for appellant.

Eckert & McDonald, for appellees.

Mr. Justice Dibell delivered the opinion of the court. The school house in Basswood District in Stephenson county had a yard about it, enclosed by a fence. The premises had been occupied for school purposes at least thirty years, and the east fence had been in one place for that length of time. On December 10, 1904, John W. McDaniel, owner of the adjoining land, entered upon the premises and moved the east fence west fifty feet to a point fifteen and one-half feet west of the east line of the school house, thereby taking into his own enclosure all the land in the school yard from the east fence to a line fifteen and one half feet west of the east line of the school house except

that part thereof on which the school house rested. There were upon said tract an outhouse, a play ground and a pile of wood, all used in connection with the school. McDaniel moved the wood and outhouse to his own premises. At the time McDaniel took such possession there was a school in progress upon the premises, conducted by a teacher hired by the board of school directors of the district. The school directors brought forcible entry and detainer before a justice of the peace to recover possession and had judgment. McDaniel appealed to the Circuit Court, where the case was tried without a jury, with a like result. McDaniel now appeals to this court, and seeks a reversal on two grounds, viz.: (1) that the suit could not be maintained by the school directors, but should have been brought by the school trustees, and (2) that there is no sufficient proof that plaintiffs were legally elected such directors.

In Wilson v. School Directors, 81 Ill., 180, the directors filed a bill to compel conveyance of a school house site. It was held the suit could not be brought by the directors. In Banks v. School Directors, 194 Ill., 247, the directors brought suit to condemn land for a school house site. It was held the school trustees are the proper and necessary petitioners in such a case, and in whom the judgment of the court vests the title upon payment of the compensation. Section 31 of article 3 of chapter 122 of the Revised Statutes, relating to schools, provides that the trustees of schools shall have the title, care and custody of all school houses and school house sites; and that the supervision and control of such school houses and school house sites shall be vested in the board of directors of the district. It is upon this statute and upon these authorities defendant relies. Plaintiffs rely upon the same statute and upon the following authorities. In Shoudy v. School Directors, 32 Ill., 290, the school directors of a district brought forcible entry and detainer to recover possession of a school house, and a judgment in their favor was sustained. The question whether it should have been in the name of the school trustees was not discussed. Alderman v. School Directors, 91 Ill., 179,

was trespass for breaking and entering a school house, and school directors brought the suit and had judgment, and sustained it. The court said the legal title was in the trustees of schools, but that the actual possession was at the time in the school directors. The court also said: "By the statute the supervision and control of school houses is expressly vested in the directors; and they may grant the temporary use of them, when not occupied by schools, for certain specified purposes, and the teachers and pupils are under their immediate control, and it is difficult to see how they could under any circumstances successfully perform the functions required of them, without they have the right to maintain such action. How, otherwise, could they hold possession than by a school under their control and the house yet be occupied for the purposes for which it was intended." Ruble v. School District No. 5, 42 Ill. App., 483, was a bill by a school district and two of its directors, with whom joined a taxpayer, under which defendant, the third director, was perpetually enjoined from removing a school house from its present location. It was argued that the trustees were the proper parties to bring the suit. It was held that the act enjoined was a clear interference with the right of control given the directors, and the restraining power of the court was properly invoked by them, notwithstanding the trustees were invested with the title, care and custody, for it was the control which was involved. It was also said that as the directors have control of school houses, a right of action to prevent interference with the proper exercise of that control rests with the directors. It will be noted that by the terms of the statute the school house site is as much under the supervision and control of the directors as is the building. These cases seem to establish that wherever the suit is to obtain or assert title to a school house or school site the trustees must be plaintiffs, but where the possession and control thereof is the issue, the directors are the proper plaintiffs. Especially must that be so here, where, at the time defendant took possession, a school was in actual progress, conducted by a teacher hired by the directors. The woodyard, play

ground and outhouse, were as essential to the conduct of the school as was the school house. The entire premises were then occupied and used by the directors for school purposes.

The proof showed that three persons named were acting as the school directors of this district and had been for several years, and that they held a meeting and authorized this suit. Section 12 of article 5 of said chapter 122 of the Revised Statutes, enacts that the poll book used at the election of school directors shall be filed by the township treasurer, "and shall be evidence of said election." No such poll book was produced at this trial, and it is argued that it was not proved that said three persons were elected directors and had lawful authority to bring this suit. The directors are a body corporate (section 2 of said article 5), and this suit is by the corporation and not by the individuals holding the office of director. Shoudy v. School Directors, *supra*. The manner and legality of their election could not be litigated by defendant in this case. Alderman v. School Directors, *supra*.

If the respective rights, powers and duties of school trustees and school directors in relation to school houses and school sites, as between themselves, were not as above stated, or if that position were in any doubt, still this board of directors was in peaceable possession of the school house and yard, conducting a school, and defendant invaded that possession without any claim of right so far as this record discloses. Under such circumstances the directors could recover their possession from the intruder in an action of forcible entry and detainer, no matter how unauthorized their own possession might be as against a party lawfully entitled thereto.

The judgment is affirmed.

*Affirmed.*