THE TRUSTEES OF SCHOOLS, Appellees, *vs.* ADAM KUHN *et al.* Appellants. ·

*Opinion filed December 17, 1913.*

1. SCHOOLS—*notice of election to select school house site need not name any proposed site.* The provisions of the present School law governing the calling and holding of an election to select a ·'school house site do not differ from the provisions of the former School law on that subject, and it is not necessary that the notice of the election shall name any proposed site. .

2. INSTRUCTIONS—*when instruction in a condemnation case is not erroneous.* An instruction in a proceeding to condemn land for a school house site is not erroneous which tells the jury that they should give the testimony of the witnesses such weight as they believe it entitled to, in view of all the other evidence in the case and their own view of the premises.

3. The court holds, under the ·evidence in this· case, that the judgment cannot be set aside upon the alleged ground that the compensation awarded for land taken and damaged was inadequate.

APPEAL from the County Court of Washington county; the Hon. W. P. GREEN, Judge, presiding.

JAMES A. WATTS, for appellants.

J. PAUL CARTER, for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

Appellees filed their petition in the county court of Washington county to condemn for a school house site for school district No. 27 two acres lying in a square in the south-east corner of a forty-acre tract. The land belonged to the appellant Adam Kuhn. Both he and his wife, Mary Kuhn, were made defendants to the petition. They resisted the condemnation and filed a cross-petition claiming damages to land not taken. The land sought to be condemned is in the corporate limits of the village of DuBois but has never been platted. It has been used for corn and pasture land. Adam Kuhn owned a wedge-shaped tract lying east of the two acres sought to be taken and west of a public highway. This tract was twenty-nine feet wide at the north line of the two-acre tract and ran to a point about forty feet north of the south-east corner of the two-acre tract sought to be condemned. Kuhn also owned land south of the two acres, upon which there was a house, the north-west corner of which extended five inches over upon the two acres. The north-east corner of the house was about two and one-half inches south of the two-acre line. The Kuhns claimed their land lying east and south of the two acres would be damaged. A jury was empaneled, who viewed the premises, heard the evidence and returned a verdict fixing the compensation of the Kuhns for land taken at $450 and damages to land not taken at $99.99. The Kuhns have appealed, and assign as errors the rulings of the court in the admission and exclusion of evidence, in

giving instructions, and principally that the compensation and damages assessed are too small and not warranted by the testimony.

There was a wide variance in the testimony of the witnesses for the respective parties as to the value of the two acres taken. About an equal number of witnesses testified on each side. Appellees' witnesses valued it at from $30 to $75 per acre. Most of them valued it as farm land and thought it not worth any more for any other purpose it was adapted to, but those who placed the highest value upon it considered its location and adaptability to platting into lots for building purposes. Appellants' witnesses valued it at from $2000 to $4800. They testified that it would make twenty-four lots fifty by eighty feet, and each lot would be worth from $75 to $200. The land was about a block from the principal street through the village. The village has gained about one hundred in population in thirty years and now has a population of three hundred and fifty. The jury was composed of residents of the community, and they viewed the premises as well as seeing the witnesses and hearing their testimony. The damages awarded are higher than the values fixed by witnesses for appellees and much lower than the values fixed by the witnesses for appellants. This case has been tried twice. The first time the verdict was for $300, and the court set it aside. The jury must have concluded the property had a special value for platting into lots above its value as farm and pasture land but that this special value was less than the estimate put upon it by appellants' testimony. We are of opinion in this the jury were correct. The witnesses who testified for appellees upon the question of values were quite as competent as those who testified upon behalf of appellants. Appellants had the benefit of the testimony as to the value of the land for platting into lots, and although the jury assessed the value much below that fixed by appellants' witnesses, we

are impressed, from an examination of this record, that we would not be justified in reversing the judgment because the compensation fixed was inadequate. (*Hercules Iron Works* v. *Elgin, Joliet and Eastern Railway Co.* 141 Ill. 491.) The same is also true as to the damages for land not taken.

Appellees proved by the records the selection of the land condemned for a school house site at an election called and held for that purpose. Appellants objected to this proof upon the ground that the notice of the election did not name any proposed site. This has been held unnecessary and not required by the statute in several cases, the last time in *Thompson* v. *School Trustees,* 218 Ill. 540. Appellants say the statute then in force upon this question was different from the act now in force but do not point out the difference. The calling and holding of an election for the selection of a school house site is now governed by sections 119 and 198 of chapter 122. Those sections were formerly section 31 of article 5 and section 4 of article 9 of the School law. We have examined and compared them with the present law and find they do not differ.

Complaint is made of the giving, on behalf of appellees, of instructions Nos. 3 and 4. Instruction No. 3 states the law as laid down in *Cahill* v. *Village of Norwood Park,* 149 Ill. 156. Instruction No. 4 tells the jury they should give to the testimony of the witnesses such weight as they believe it entitled to in view of all the other evidence in the case and their own view of the premises. There was no error in giving this instruction.

The judgment of the county court is affirmed.

*Judgment affirmed.*