THE TRUSTEES OF SCHOOLS, Appellees, vs. FANNIE MCMAHON, Appellant.

*Opinion filed October 16, 1914.*

1. SCHOOLS—*trustees of schools may bring condemnation suit at request of board of education.* A proceeding to condemn land for a school site may be brought by the trustees of schools at the request of the board of education, and it is immaterial to the defendant whether the amount of the condemnation judgment is paid by the board of education in the name of the trustees of schools or otherwise.

2. SAME—*additional land for school ground may be acquired without a vote of the people.* Where a school site has been selected and is occupied by a school building in use for school purposes, the board of education may, without a vote of the people, acquire additional land by purchase or condemnation, whenever, in its judgment, such additional land is necessary for the proper conduct of the school.

APPEAL from the County Court of DuPage county; the Hon. CHARLES D. CLARK, Judge, presiding.

BULKLEY, GRAY & MORE, for appellant.

CHARLES W. HADLEY, for appellees.

Mr. JUSTICE COOKE delivered the opinion of the court:

The school house in school district No. 44, township 39, north, range 11, east of the third principal meridian, in DuPage county, is located on lot 7 of the original town of Lombard. Adjoining this property on the east is lot 6, owned by appellant, Fannie McMahon. Lot 7 had been selected as a site for the school building and a two-story, four-room brick building erected thereon some years ago. At a meeting of the board of education of the district held in December, 1912, it was determined that the present school grounds were inadequate and that additional premises should be obtained, and it was determined to purchase the property of appellant for a sum not to exceed $3800.

The board of education was unable to agree with appellant as to the purchase price, and it thereupon passed a resolution requesting the trusteees of schools of that township (the appellees here) to institute condemnation proceedings to acquire the premises. Condemnation proceedings were thereupon instituted by the appellees in the county court of DuPage county, which resulted in a verdict fixing the compensation to which appellant was entitled at $3811.25 and judgment was rendered accordingly. From that judgment appellant has prosecuted this appeal.

It is urged that there is no authority for the trustees of schools, at the request of the board of education, to condemn, and that the judgment directing the trustees to pay for the land condemned is void. The trustees of schools, and not the board of education, are the proper parties to petition for the condemnation of land for the school site. (*Wilson* v. *School Directors,* 81 Ill. 180; *Banks* v. *School Directors,* 194 id. 247.) The board of education having requested the trustees of schools to institute condemnation proceedings, this action was properly prosecuted by them. As the property condemned cannot be taken until the compensation awarded has been paid, it is immaterial to appellant whether this payment is made by the board of education in the name of the trustees of schools, or otherwise.

The two principal contentions made by appellant are, first, that a board of education cannot acquire property for school purposes without submitting the question whether the property shall be acquired to a vote of the people; and second, that there is no authority for the condemnation of additional grounds after a site has been acquired and a school building erected thereon.

The statute authorizing boards of education to acquire property for school purposes is section 127 of an act to establish and maintain a system of free schools. (Laws of 1909, p. 377.) That section, so far as material here, is as follows:

"Sec. 127. The board of education shall have all the powers of school directors, be subject to the same limitations, and in addition thereto they shall have the power, and it shall be their duty:  *  *  *

"*Fifth*—To buy or lease sites for school houses with the necessary grounds: *Provided, however,* that it shall not be lawful for such board of education to purchase or locate a school house site, or to purchase, build or move a school house, unless authorized by a majority of all the votes cast at an election called for such purpose in pursuance of a petition signed by not fewer than five hundred legal voters of such district, or by one-fifth of all the legal voters of such district: *And, provided, further,* that if no locality shall receive a majority of all the votes cast at such election, the board of education may, if in their judgment the public interest requires it, proceed to select a suitable school house site; and the site so chosen by them in such case shall be legal and valid the same as if it had been determined by a majority of all the votes cast; and the site so selected shall be the school house site for such district; and said district shall have the right to take the same for the purpose of a school house site, either with or without the owner's consent, by condemnation or otherwise."

In considering a statute almost identical in its terms, in *Thompson* v. *School Trustees,* 218 Ill. 540, we said: "It was not essential that an expression of the will of the voters as to the amount which should be expended in the purchase of the site or in the construction of the building or as to the area of the plat of ground to constitute a site for the building should have been called for in the notice for the election or given by the electors at the election. These matters are committed to the judgment and discretion of the board of education, subject to the limitation found in the statute as to the power of the board to levy and collect taxes. Such is, in principle, decided in *People* v. *Chicago and Northwestern Railway Co.* 186 Ill. 139, and

*People* v. *Peoria and Eastern Railroad Co.* 216 id. 221."
In the same case it was also urged that the statute in express terms declared it to be unlawful for the board of education to purchase a site for a school house unless the authority to purchase had been submitted to the voters, but we said: "A superficial reading of section 31 would induce the conclusion that this contention is well grounded, but when the proviso to the section and section 32 are read and given meaning and effect it clearly appears that an affirmative vote of the electors selecting premises as the site for the school house invests the board of education with power to acquire that site, either by purchase or by the exercise of the right of eminent domain."

The statute under consideration here also provides that it shall not be lawful for a board of education to purchase or locate a school house site unless authorized by a majority of all the votes cast at an election called for such purpose, etc., but when the entire fifth clause is considered it is clear that the power is conferred upon the board to purchase or condemn sites for school houses with the necessary grounds, and that the only limitation placed upon this power is that the question as to the location of the site must be submitted to the voters. After the site has been selected in the manner prescribed by said fifth clause the statute does not require the board to submit to the voters the question how much ground shall be acquired for the site. That question is one which is by the statute left to the discretion of the board.

It necessarily follows that if the board of education, after a site has been selected in accordance with the statute, has the power, without a vote of the people of the district, to determine the area of the site to be acquired and to purchase or condemn the same, it has the power to purchase or condemn additional grounds without a vote of the people of the district, whenever, in the judgment of the board, such additional grounds are necessary for the

proper conduct of the school. The board of education having determined that additional grounds were necessary, it had the right to proceed to purchase or condemn the same without submitting the question to a vote of the people.

The judgment of the county court is affirmed.

*Judgment affirmed.*