(No. 30876.—)

THE BOARD OF EDUCATION OF CICERO-STICKNEY TOWN-
SHIP HIGH SCHOOL, HIGH SCHOOL DISTRICT NO. 201,
Appellant, *vs.* THE CITY OF CHICAGO *et al.*—(THE CITY
OF CHICAGO, Appellee.)

*Opinion filed January 19, 1949.*

John J. Sherlock, and Fred A. Gariepy, both of Chicago, (John Spalding, of counsel,) for appellant.

Benjamin S. Adamowski, Corporation Counsel, (John J. Mortimer, John C. Melaniphy, and Francis S. Lorenz, of counsel,) all of Chicago, for appellee.

Mr. Justice Daily delivered the opinion of the court:

March 30, 1944, the Board of Education of Cicero-Stickney Township High School, High School District 201, Cook County, filed a petition in the superior court of Cook County seeking to condemn certain lands within its district for school purposes. The defendant named therein was the city of Chicago, a municipal corporation, the alleged owner of the land sought to be condemned. The city filed a motion attacking the sufficiency of the petition, but no further pleadings or proceedings immediately followed. On April 8, 1948, the board of education, after leave of court was granted, filed an amended petition seeking the same relief but naming the Trustees of Schools, Township 39 North, Range 13, Cook County, (hereinafter referred to as "trustees,") as additional defendants, on the ground that the trustees had declined, failed and neglected to institute the condemnation proceedings when so requested by the board of education. In response to the amended petition the city filed a pleading in the nature of a traverse and a

motion to dismiss. The trustees filed an answer in which they alleged that they had been requested to be substituted as the sole petitioner in the cause, had declined to do so, but had agreed to join with the board of education as nominal coplaintiffs, and that the board had failed and refused to name the trustees as coplaintiffs. The trustees further answered that petitioner instituted these proceedings in 1944, without the knowledge of the trustees; that no request had ever been made upon them to condemn the property described; and that they denied that they had ever declined, failed or neglected to perform any duty in connection therewith.

After the trustees' answer was filed the petitioner presented two motions to the trial court, one to compel the trustees to answer attached interrogatories, and the second was directed to all parties to admit certain facts. The trustees answered the interrogatories and admitted the facts, the purport of which was that while the trustees had no objection to the acquisition of the land, or in being joined as coplaintiffs, they did not deem it advisable that they should be substituted as the sole petitioner where they were asked to adopt and ratify all the acts of the petitioning board of education.

The trial court granted the city's motion to dismiss on July 13, 1948, and when petitioner elected to stand by its amended petition, final judgment of dismissal was entered, from which the board of education here appeals. The trustees have not appealed from the judgment, nor have they filed an appearance in this court.

The amended petition alleges that the petitioner is a body politic, organized and existing under and by virtue of the laws of this State relating to schools; that a school site has been selected and buildings erected thereon for use as a township high school and related schools under the supervision of the petitioner; that the defendant, the city of Chicago, is the owner of a tract of land, containing 36.75 acres

more or less, situated in the city of Berwyn, and wholly within petitioner's school district; that said tract is needed by petitioner for educational purposes and uses in connection with its present schools, among which is the use of ten acres for an athletic field; that petitioner cannot agree with the city of Chicago on compensation for said property and is unable to purchase the same; that the tract lies wholly without the city of Chicago and is part of a parcel of land known as the Gage Farm, and is used by the city as a nursery to supply its parks and grounds with trees and shrubs; that no statutory law allows the city to hold such land other than in a proprietary capacity; that said tract is held by the city subject to petitioner's right to acquire it for educational purposes;. and that the city of Chicago is the only party or person interested in said tract as owner or otherwise. The prayer of the petition asks that just compensation be ascertained and that such general relief as provided by statute be granted.

The principal grounds set forth in the city's traverse and motion to dismiss the amended petition, are substantially as follows: (1) that petitioner is not the proper party plaintiff; (2) that the petitioner fails to show its authority to maintain the action; (3) that the petitioner's lack of authority to institute condemnation proceedings is not cured by making the trustees of schools a party defendant; and, (4) that the petitioner, even if it were a proper party, cannot condemn property already put to a public use.

Most stress is laid by the appellee, the city of Chicago, on its contention that the appellant, board of education, has not the legal right to bring this suit in its own name, and that appellant cannot be the sole petitioner in an eminent domain proceeding. Appellee contends that the trustees of schools of the township wherein the land sought is situated are the only authority who can institute and maintain a suit to condemn land for school purposes. This court has so held in *Banks* v. *School Directors*, 194 Ill. 247; *Trustees of*

*Schools* v. *McMahon,* 265 Ill. 83; *Schuler* v. *Wilson,* 322 Ill. 503. Counsel for appellant accedes to our holdings that the trustees are the proper party to maintain such a proceeding, but contends that by virtue of the facts alleged in the amended petition, a situation is raised which takes this case from under the general rule, and that it, as board of education, should be allowed to proceed.

This court's decisions that the trustees are the sole authority empowered to prosecute eminent domain proceedings are all based on the proposition that the trustees take and hold title to all school land, and that it is the trustees who obtain title when compensation is awarded and paid. In the recent case of *Carter Oil Co.* v. *Liggett,* 371 Ill. 482, we held that the trustees and not the school directors have the power to grant oil leases, and stated that the trustees of schools are the proper plaintiffs in eminent domain cases. The general rule was therein stated to be that the trustees of schools are invested with the title to schoolhouses and school sites, and the school directors invested with control and supervision of schools.

The findings of this court that the board of education is not the authority empowered to prosecute eminent domain proceedings may be said to have been strengthened by recent legislation. Prior to 1945, when the cases of *Banks* v. *School Directors,* 194 Ill. 247; *Trustees of Schools* v. *McMahon,* 265 Ill. 83, and *Schuler* v. *Wilson,* 322 Ill. 503, were decided, the statute authorizing eminent domain relief for school purposes provided that in case the compensation for the property sought to be acquired could not be agreed upon "then such trustees, board of education, or other corporate authority of such university, college, township high school, or other educational institution, or school district, shall have the power to have such compensation determined in the manner provided by law for the exercise of the right of eminent domain." (Ill. Rev. Stat. 1943, chap. 122, par. 345.) In *Schuler* v. *Wilson,* 322 Ill. 503, referred to

above, we specially noted that the holding there and the holdings of the cases which it followed were all rendered when the statute provided that the board of education was one body who had the power to have the compensation determined. Despite that fact we held that the trustees, alone, could maintain the proceeding for the reasons previously noted. The School Code, as revised in 1945 and as in effect when appellant filed its amended petition, no longer retains the words "board of education" in the sentence above referred to, but now states: "the corporate authority of the educational institution or school district may have the compensation determined in the manner provided by law for the exercise of the right of eminent domain." (Ill. Rev. Stat. 1947, chap. 122, par. 14-7.) We cannot say that the legislature, by eliminating the words "board of education" from its revision of the law, intentionally deprived the board of education of any power previously conferred upon it, for actually they did not have such power under this court's interpretation of the previous statutes. It must be observed, however, that the revision, by specifically eliminating the board of education as one body having the right to have compensation fixed, does weaken any argument of appellant tending to support its power to maintain this proceeding.

Even though this cause had been instituted and was pending when the School Code was revised in 1945, the amended petition was not filed until 1948 and is governed by the new act. The present pleading is not designated as an amendment to the original petition and does not relate thereto by reference or otherwise. It is called an amended petition and sets forth an entire alleged cause of action. The original petition thus ceases to be a part of the record, being in effect abandoned as withdrawn, and the amended petition is to be considered as an original one. (*Bradish* v. *Grant,* 119 Ill. 606.) When a change of law merely affects the remedy or the law of procedure, all rights of action will

be enforcible under the new procedure without regard to whether they accrued before or after such change of law and without regard to whether the suit has been instituted or not, unless there is a saving clause as to existing litigation. *Duquoin Township High School Dist.* v. *Industrial Com.* 329 Ill. 543; *City of Chicago* v. *Industrial Com.* 292 Ill. 409.

Appellant contends that it should be allowed to inaugurate and maintain this suit, under its allegation in the amended petition that the trustees, when requested by appellant to institute the proceeding, declined, failed and neglected to do so. To support this allegation, and to show the circumstances and conditions under which the trustees failed and declined to act, appellant urges that this court now consider the matters set forth and admitted by the defendant trustees in their answer, interrogatories and admissions of fact. There was no report of proceedings filed in the trial court and the aforesaid documents appear in the record presented to this court only as pleadings filed in the lower court. Counsel agree that there was no evidence taken on the motion to dismiss, nor were the answers to the interrogatories or the admissions of fact offered or admitted as evidence or exhibits, in any hearing before the court. Appellee urges that the matters filed by the trustees cannot be used by appellant in upholding its right to sue.

As to the answer of the trustees, it is clearly outside the record before us, since the appellee city is not bound by it on the latter's motion testing the sufficiency of the petition. The trustees' answer is but an allegation of fact presented by a codefendant and appellee has had no opportunity to controvert it in any way, nor does such answer stand admitted by appellee's motion to dismiss the amended petition. By such motion only the allegations of the petition itself are admitted for the sake of argument. Each plea forms a distinct issue, and upon demurrer it must be

tested by the ultimate facts stated therein, independent of the facts stated in any other plea which may be filed in the case. *Taylor* v. *Southern Railway Co.* 350 Ill. 139.

Appellee further urges that the trustees' answer to the interrogatories and their admissions of fact cannot be used against appellee, and therefor cannot assist appellant. It is the position of appellee that they were not introduced in evidence; that the admissions of the defendant trustees are not binding on the codefendant city; and that the latter was given no opportunity to dispute the allegations of fact therein. It is not contended by appellee that the matters could not have been considered by the trial court on a hearing, but rather that the admissions, if competent and binding on the parties, should have been presented together with any other evidence in support of, or opposition to, the petition, in order to be considered on this appeal. It is also contended by appellee that before appellant is entitled to relief in eminent domain proceedings, a hearing must be had on its motion to dismiss and traverse. This court has held that such procedure is the proper method of reaching and deciding the issues as to the right of a petitioner to have condemnation in a particular case. The only issue to be tried by the jury is the amount of compensation to be awarded. A defendant has a right to contest the petitioner's right to condemn, which he may do by motion to dismiss, and having done so the burden is on the petitioner to maintain its right by proper proof. (*Department of Public Works and Buildings* v. *Lewis,* 344 Ill. 253; *City of Chicago* v. *Lehmann,* 262 Ill. 468.) It is said that an answer is not required in an eminent domain case, for the right to take the land must affirmatively appear upon the face of the petition itself. If the averments of a petition depend upon the existence of certain facts and, hence, their truth or falsity is open to extrinsic proofs, proof may be made by the landowners just as well without an answer as with it, for the inquiry in such case would be directed to the truth

or falsity of the petition. (*Smith* v. *Chicago and Western Indiana Railroad Co.* 105 Ill. 511.) If the landowner traverses the allegations of the petition necessary to confer jurisdiction, the court must determine their truth or falsity. The necessity will therefore exist for the petitioner to introduce such evidence as will, *prima facie,* at least, prove the traversed or disputed allegations of the petition. *O'Hare* v. *Chicago, Madison and Northern Railroad Co.* 139 Ill. 151.

In the case at bar, appellant did not attempt to prove any of its averments when their sufficiency was questioned by appellee's motion to dismiss and traverse. The admissions and interrogatories of the trustees, not having been offered as evidence in support of the petition, cannot be so considered by this court. The trial court's final order of dismissal specifically sets forth that it is based on appellant's election to stand on its amended petition. In a cause brought to this court on an election to stand by the pleadings, we are circumscribed in our consideration of the questions raised to the confines of the pleadings as presented. (*Clark* v. *Bentley,* 398 Ill. 535.) The pleadings here consisted only of the amended petition, the traverse thereto, and the motion to dismiss it. We must conclude from the rules of law and procedure enumerated above, that the only basis here under consideration for allowing appellant to maintain this eminent domain proceeding in its name is the allegation that the trustees declined, failed and neglected to do so.

It is our opinion that such a refusal by the trustees does not automatically give the board of education power to maintain this action. The settled law is that the trustees are the only authority who can institute a suit to condemn land for school purposes. Any right on the part of the board of education to file in its own name when the trustees refuse must be provided for in the statute. No such provision, or language susceptible of that interpretation, appears in the existing School Code. The statute gives the board of education only the discretion to decide whether it

needs additional land for school purposes. The issue of whether the trustees are given discretion in the matter of procuring title to the necessary land is not here presented to this court, but would be the subject of a different proceeding. Even if the statute mandatorily required the trustees to start eminent domain proceedings when the board of education requests such action, the refusal of the trustees would not of itself empower others to perform their duties.

Appellant also relies upon the Civil Practice Act as presenting a basis for its maintenance of this action. The provision relied upon is a portion of section 23, (Ill. Rev. Stat. 1947, chap. 110, par. 147,) which provides: "If any one who is a necessary plaintiff declines to join, he may be made a defendant, the reason therefor being stated in the complaint." Appellant contends that assuming the trustees are a necessary party, they have been properly impleaded as party defendants by virtue of the foregoing section. This portion of the Practice Act has never been construed by this court, but an examination of the texts as to its application in other States which have adopted the same provision discloses that it is applicable only where joint plaintiffs are necessary parties and one or more of them refuses to join in an action instituted by others having the right to bring the action. This is a matter of procedure, only, and is not authority, as appellant contends, to allow an improper plaintiff to start a suit by making the sole necessary plaintiff a party defendant. To adopt the procedure urged by appellant would inaugurate a form of litigation which would know no bounds. The contention has no merit.

Appellee, the city of Chicago, has raised several other questions in its motion and traverse, going to the right of appellant to condemn this particular land, but since we are of the opinion that appellant has shown no authority to support its claimed right to institute and maintain a proceed-

ing in eminent domain for the school purposes alleged, it will be unnecessary to discuss and pass upon such questions.

It follows that the superior court of Cook County did not err in dismissing appellant's amended petition, and its judgment is affirmed.

*Judgment affirmed.*

Mr. JUSTICE CRAMPTON, dissenting:

I cannot agree with the conclusion reached in this case. The trustees of schools are simply the legal medium devised for the holding of title to school real estate. They merely hold the bare naked legal title. The only other function they perform is to receive and disburse school tax funds to the proper authorities. In this respect they are a mere fiscal agent. The real party in interest is the board of education for the use of the public. In my opinion the board is the "corporate authority" referred to in the School Code, as revised in 1945. (Ill. Rev. Stat. 1947, chap. 122, par. 14-7.) To hold otherwise would prevent the efficient operation of the schools due to a contrary or adamant stand taken by one or more of the trustees.

In this case the trustees answered their willingness to join with the board as nominal coplaintiffs, although they did refuse to become the sole petitioners. Under the showing made here, the portion of section 23 of the Civil Practice Act quoted in the majority opinion is applicable to the case at bar. (Ill. Rev. Stat. 1947, chap. 110, par. 147.) Rule 2 of this court makes the Civil Practice Act applicable to the separate eminent domain statute, since the issue is one of procedure not regulated by the separate statute. Ill. Rev. Stat. 1947, chap. 110, par. 259.2.

The question of the board's authority to take this particular land from the city of Chicago is the principal and only real issue in the case. The facts here are peculiar in several respects. The general rule, it is true, is that condemnation cannot be had where the property sought is held

by another municipality for a public use. (*City of Moline* v. *Greene,* 252 Ill. 475.) If this were not so, endless litigation between two public agencies could result upon a change in the necessities surrounding the use.

Here, however, the land owned by the city is located outside the city of Chicago. It was taken in payment of a debt due the city by a defaulting officer and to reimburse the city for a defalcation. It is not now, and never has been, devoted to a necessary public use. On the other hand, the property has peculiar advantages to this board of education, which has shown a real need for it. Under these circumstances the question is not one of inherent right to undisturbed ownership but is one of fair and adequate compensation only. The city with respect to this property stands merely in the same position as a private owner and the right of eminent domain should lie. *City of Chicago* v. *Sanitary Dist.* 272 Ill. 37.

For the reasons assigned the superior court was in error in dismissing the amended petition and the judgment should be reversed.