THE CONNECTICUT COLLEGE FOR WOMEN *vs.* HARRIET E. ALEXANDER.
THE CONNECTICUT COLLEGE FOR WOMEN *vs.* HARRIET E. ALEXANDER AND FRANK J. ALEXANDER.

Second Judicial District, Norwich, April Term, 1912.
PRENTICE, THAYER, RORABACK, WHEELER AND HOLCOMB, JS.

General Statutes, § 4106, which provides that an application for the appointment of a committee to assess damages to the owner of land taken by condemnation proceedings shall be brought to the Superior Court held in the county, "or, if said court is not in session, to either judge thereof," refers only to a session of said court for civil business.

The agent of the plaintiff corporation, one *M*, went to the home of the defendant Harriet E. Alexander to acquire her land for the plaintiff, but was unable to see her because of her illness. Being informed by the defendant's daughter-in-law, without her mother's knowledge, that he would have to see the defendant's son, *M*, without disclosing that he was acting as the plaintiff's agent, saw the son, and was unable to agree with him upon the purchase price. *Held* that in the absence of evidence to show that the son was the agent of his mother and authorized to agree upon a price for the land, or that he, or she, was informed that *M* was the agent of the plaintiff or acting for it in seeking to acquire said land, or in making the offer therefor, the application for the appointment of a committee to assess damages should have been dismissed, on the ground that it had not been proven that the parties could not agree upon a purchase price, which was a jurisdictional fact.

The landowner is entitled to know that the party seeking the land is empowered under the statute to take it for the purposes mentioned therein.

Argued May 8th—decided July 19th, 1912.

APPLICATIONS for the appointment of appraisers to estimate damages arising from the taking of land for the purposes of the plaintiff as an educational corporation, brought to and heard together by the *Hon. Joel H. Reed*, a judge of the Superior Court, who, after a full hearing, appointed appraisers, from which action the defendants appealed. *Error, and causes remanded with direction to dismiss the applications.*

*Christopher L. Avery* and *Tracy Waller*, with whom was *Charles A. Gallup*, for the appellants (defendants).

*Michael Kenealy*, for the appellee (plaintiff).

THAYER, J. The defendants by their plea in abatement to the jurisdiction attempted to raise the question of *Judge Reed's* authority to act in this matter while the Superior Court was in session for criminal business. in the county where the action arose.

The statute permits an application of this kind to be brought before a judge of the Superior Court only when that court is not in session within the county. It (General Statutes, § 4106) provides that the application may be preferred to the Superior Court held in the county, "or, if said court is not in session, to either judge thereof." This being a civil proceeding, it could only be brought to the Superior Court when in session for civil business. It was not in session for civil business when the proceeding was brought or heard. A session for criminal business only was in session. But the application could not be brought to that court, and the statute manifestly intends that if the court to which the application may be brought if in session, is not in session, it may be brought before any judge of that court. The trial judge properly held that the Superior Court was not in session within the meaning of the statute when the application was brought before him.

By the statute under which the plaintiff is proceeding (16 Special Laws, p. 385), it is provided that if the plaintiff cannot agree with the owner of the land taken, upon the amount to be paid him therefor, it may proceed in the manner provided in General Statutes, §§ 4106, 4107 and 4108. The application alleges an endeavor and an inability on the part of the plaintiff "to obtain said real estate by agreement with the parties interested therein." This allegation is denied in the answer, but the judge has found it proven. The defendants ask to have this finding corrected, claiming that it is not supported by the evidence which has been certified by the judge and made part of the record.

An examination of the evidence shows only that Mr. Mahan, one of the trustees and one of the attorneys of the plaintiff, went, as such attorney, to the home of the defendant Harriet E. Alexander and tried to see her for the purpose of purchasing the land taken. She was ill

and unable to see him.  Her daughter-in-law, without consulting this defendant, so far as appears, told Mr. Mahan that he would have to see her husband, said defendant's son.  This he did, and the son refused to fix a price upon the land, and declined an offer for the same which Mr. Mahan made.  There is nothing in the evidence to show that the son was the agent of the other defendant to agree upon a price for the land, or that he, or the other defendant, were informed that Mr. Mahan was the agent of the plaintiff, or acting for it, in seeking to acquire the property, or in making the offer which he made.  The finding, therefore, must be so corrected as to state that it was not proven that the parties could not agree upon the amount to be paid for the defendant's land.

This was a jurisdictional fact.  Without proof of it, the plaintiff was not entitled to prefer this application. *New York, N. H. & H. R. Co.* v. *Long,* 69 Conn. 424, 439, 440, 37 Atl. 1070.  The theory of the law is that a landowner is entitled to know by whom the land is sought and that it is sought for the purposes mentioned in the statute.  His disposition relative to fixing a price for the land might be very different if he knew that the land was sought by a party with power to take *in invitum,* than it would if he believed it to be sought by other parties or for other purposes.  The fact that the statute provides for condemnation proceedings in the former case if the parties cannot agree upon a price for the land, might induce the owner to fix a price and sell the property which he desired not to sell and would refuse to sell under other circumstances.  The statute intends that there shall be a fair endeavor on the part of the plaintiff to acquire the property for itself, and for the purposes indicated in the statute, by agreement with the owner of the property as to the price, before a proceeding of this kind shall be instituted.  *New York,*

*N. H. & H. R. Co.* v. *Long,* 69 Conn. 424, 438, 37 Atl. 1070. The evidence upon this point was very meagre. It is possible that upon a fuller inquiry it would have appeared that a sufficient attempt and failure to agree to satisfy the statute was in fact made; but the evidence before us fails to show this. The plaintiff having failed to establish this fact, which was a condition precedent to the appointment of a committee, the judge was in error in proceeding to such appointment. The applications should have been dismissed.

This disposes of the case without a determination of the question which was most discussed upon the argument, namely, whether the statute in question, giving the plaintiff power to take land by eminent domain, was unconstitutional as violating Article First, §§ 1 and 11, of the Constitution of this State, and § 10, of Article First, and § 1 of Article Fourteen, of the Constitution of the United States. We refrain from deciding those questions. However decided, our determination of the case upon the independent ground already considered would deprive the losing party upon those questions of a review, by the Federal Court, of the federal question involved. *Eustis* v. *Bolles,* 150 U. S. 361, 366, 14 Sup. Ct. Rep. 131; *Missouri Pacific Ry. Co.* v. *Fitzgerald,* 160 U. S. 556, 576, 16 Sup. Ct. Rep. 389; *Harrison* v. *Morton,* 171 U. S. 38, 46, 18 Sup. Ct. Rep. 742.

There is error, and each case is remanded with direction that the application be dismissed.

In this opinion the other judges concurred.