THE CITY OF CHICAGO, in trust for the use of schools, Appellee, *vs.* THE JEWISH CONSUMPTIVES RELIEF SOCIETY OF CHICAGO, Appellant.

*Opinion filed October 28, 1926—Rehearing denied Dec. 10, 1926.*

1. STATUTES—*omission in amendatory act implies repeal of part omitted.* Where the legislature enacts an amendatory statute providing that a certain section shall be amended so as to read as repeated in the amendatory act, all such portions of the old section as are not repeated in the new section are repealed without any express words for the purpose.

2. SCHOOLS—*board of education may exercise right of eminent domain.* A board of education is authorized by statute to agree with parties interested in land upon the compensation to be paid for a school site, and in case of failure to agree it may proceed to have such compensation determined in the manner which may at the time be provided by law for the exercise of the right of eminent domain.

3. SAME—*the Chicago board of education may petition for condemnation in name of city.* Under section 132 of the School law, in regard to boards of education in cities of more than 100,000 inhabitants, the board of education of the city of Chicago is authorized to petition for the condemnation of property for school purposes in the name of the city "in trust for the use of schools," and since the amendment of 1917 it is not required to have the consent of the city council, as the payment for the property must be made by the board of education, and any order requiring the petitioner to pay costs, expenses and attorneys' fees must be entered against the board, for whose use the suit is brought.

4. EMINENT DOMAIN—*when burden is on petitioner to prove inability to agree on compensation.* Where the land owner goes to trial on the merits without challenging the allegation in the petition of an endeavor and inability to agree upon the compensation to be paid the question cannot be raised after verdict, but where the land owner raises the jurisdictional question of an effort to agree upon the compensation the burden is on the petitioner to show by proper proof an endeavor and inability to agree.

5. SAME—*land owner must be advised as to purchaser and purpose.of acquisition.* The statute contemplates that the owner shall be fully advised as to the real party proposing to purchase and the real purpose for which the property is to be acquired.

6. SAME—*proof of attempt to agree with agent as to compensation must show authority of the agent.* Where the negotiations concerning the purchase of property are carried on with one who purports to represent the owner, the petitioner, to support its allegation that there was an endeavor and inability to agree with the owner, must prove that the agent with whom it dealt was acting within the scope of his authority.

7. SAME—*when agent's authority to agree on compensation is not sufficiently shown.* Proof that the alleged agent with whom the petitioner dealt in attempting to agree on compensation was an attorney who had acted for the owner, a charitable corporation, in regard to certain assessments and had possession of certain legal documents having to do with the property in question is not sufficient to show authority to deal with a prospective purchaser, and where it is shown that such agent did not communicate with any proper officer of the corporation in regard to the petitioner's attempt to agree on compensation the petition for condemnation must be dismissed.

8. SAME—*right to condemn must be determined as a preliminary question.* Preliminary to submission to the jury of the question of compensation the court must determine whether the right of condemnation exists in the particular case.

9. PRINCIPAL AND AGENT—*what necessary to prove agency.* An agency cannot be proved by the mere acts or declarations of an agent when the fact of his agency is in issue, and before declarations of an agent can bind his principal it must be shown that he was the principal's agent, that the declarations were made in regard to a matter over which the agent had authority to act, and that he was acting under and by virtue of his authority as agent.

APPEAL from the Circuit Court of Cook county; the Hon. PHILIP L. SULLIVAN, Judge, presiding.

Alvin E. Stein, (Pines & Newmann, of counsel,) for appellant.

Frank S. Righeimer, (Ralph W. Condee, of counsel,) for appellee.

Mr. Justice Thompson delivered the opinion of the court:

This appeal is from a judgment of the circuit court of Cook county entered in favor of appellant, the Jewish Consumptives Relief Society of Chicago, a corporation organized not for pecuniary profit, in a condemnation proceeding brought in the name of the city of Chicago as trustee of property used for school purposes.

The petition in this case was filed by the board of education of the city of Chicago. The petition names the "city of Chicago, in trust for the use of schools," as the petitioner and appellant and others as defendants. Appellant contends that the petition should have been dismissed because it was brought by a petitioner that had no legal existence, or, if it be considered that the petitioner is the city of Chicago, a municipal corporation, because the proceeding could not be instituted without the direction of the city council.

Section 1 of the act enabling boards of education to exercise the right of eminent domain provides: "Whenever any lot or parcel of land shall be needed by any * * * school district, as a site for building or for any educational purpose, and compensation for such lot or parcel of land cannot be agreed upon between the owner or owners thereof and the * * * board of education * * * of such * * * school district so needing such lot or parcel of land, then such * * * board of education * * * of such * * * school district, shall have the power to have such compensation determined in the manner provided by law for the exercise of the right of eminent domain." (Cahill's Stat. 1925, p. 2232.) Section 132 of the School act, which deals with

boards of education in cities exceeding 100,000 inhabitants, provides: "The board of education may acquire, by purchase, condemnation or otherwise, real estate for any and all school purposes. Condemnation proceedings for the purpose of acquiring such property shall be conducted in the name of the city, in trust for the use of schools." (Cahill's Stat. 1925, p. 2178.) Prior to 1917 section 132 provided that the board of education, "with the concurrence of the city council," might institute condemnation proceedings, but when the statute was amended the words requiring the concurrence of the city council were omitted. Where the legislature enacts an amendatory statute providing that a certain section shall be amended so as to read as repeated in the amendatory act, all such portions of the old section as are not repeated in the new section are repealed without any express words for that purpose. (*Merlo* v. *Johnston City Coal Co.* 258 Ill. 328.) It must be held that the legislature intended to make some change in the law when the amendment was made in 1917 by omitting the phrase "with the concurrence of the city council," (*Lyons* v. *Peoples Bank,* 317 Ill. 44,) and the only change it could have intended by such omission was to give the board of education authority to institute condemnation proceedings without any action on the part of the city council. The board of education is authorized by the statute to agree with the parties interested in the land upon the compensation to be paid for a school site, and in case of failure to agree it may proceed to have such compensation determined in the manner which may be at the time provided by law for the exercise of the right of eminent domain. (*Banks* v. *School Directors,* 194 Ill. 247.) Under the statute the city council has nothing to do with bargaining for the lands needed for school purposes nor does it have anything to do with the institution of the condemnation proceeding. The board of education is given the right to bring the condemnation proceeding in the name of the city, and it is not required to have

the consent of the city to use its name. The reason the proceeding must be brought in the name of the city is that the title to real estate used for school purposes is in the city as trustee. As the property condemned cannot be taken until the compensation awarded has been paid, it is immaterial to appellant whether this payment is made by the board of education in the name of the city of Chicago as trustee or otherwise. (*Trustees of Schools* v. *McMahon,* 265 Ill. 83.) If the board of education fails to make payment of the compensation awarded within the time named by the order entered by the court, and the court enters an order requiring the petitioner to pay costs, expenses and reasonable attorney's fees of the defendant paid or incurred by such defendant in defense of the petition, such judgment for costs and expenses would under section 19 of the Costs act be entered against the board of education, for whose use the suit was brought. The petition was properly filed by the board of education in the name of the city of Chicago as trustee.

By the statute under which this proceeding is brought it is provided that if the school authorities cannot agree with the owner of the land selected upon the amount to be paid him therefor, they may proceed in the manner provided in the act providing for the exercise of the right of eminent domain. Section 2 of this act authorizes the filing of the petition where the compensation to be paid for the property sought to be appropriated cannot be agreed upon by the parties interested. The petition filed in this case alleges an endeavor and inability on the part of appellee to agree with appellant upon the compensation to be paid for the lands in question. This allegation is denied by the answer of appellant, and the claim of appellant that no effort was made to agree with it upon the compensation for the property in question is made the basis of a motion to dismiss the petition. Where the land owner goes to trial on the merits without challenging the allegation in the petition of

an endeavor and inability to agree upon the compensation to be paid the question cannot be raised after verdict, (*West Skokie Drainage District* v. *Dawson,* 243 Ill. 175; *Ward* v. *Minnesota and Northwestern Railroad Co.* 119 id. 287;) but where the land owner raises the jurisdictional question of an effort to agree upon the compensation to be paid, the burden is on the petitioner to show by proper proof an endeavor and inability to agree. (*Lieberman* v. *Chicago Rapid Transit Railroad Co.* 141 Ill. 140.) The statute contemplates that the owner shall be fully advised as to the real party proposing to purchase and the real purpose for which the property is to be acquired. *Pittsburgh, Cincinnati, Chicago and St. Louis Railway Co.* v. *Gage,* 280 Ill. 639.

The evidence on the question of effort to agree upon compensation shows that the business manager of the board of education had some correspondence with George S. Pines, an attorney who had theretofore looked after some legal business for appellant regarding some special assessments against its property. One of the clerks employed by the board of education ascertained the name of the owner of the land sought to be taken by an examination of the tax records, but these did not show the address of the owner. He inquired at the Hebrew Institute for the address of the owner and was referred by an officer of the institute to Pines. The business manager of the board of education wrote to Pines advising him that the board of education was considering the purchase of the tract of land owned by appellant for school purposes, and asked him to fill out and return a form of proposal of sale which he inclosed. At the same time he sent a duplicate of the letter to the Jewish Consumptives Relief Society, in care of Pines. The latter received these letters and in compliance with the request offered to sell the property for $125,000. The inspector of school property replied to this proposal, addressing his reply to appellant in care of Pines, that if the price were fixed at $82,500 the board of education would give it con-

sideration.   Pines was called as a witness by petitioner and testified that the president of the appellant is his sister, and that without compensation he has looked after legal matters in connection with special assessments levied against the property of appellant; that he received the letters from the board of education and without communication with any of the officers of appellant he answered the request for a proposal; that he did not communicate to appellant or any of its officers the fact that the board of education was negotiating for its property or that he had fixed a price upon it or that the board had made a request for a lower price.   The first time appellant knew that the board of education was considering its property was when the summons was served on the president.   Some of the mail for the society was received at Pines' office and some at its office at 1800 Selden street.   The secretary of appellant testified that she had the minute book of the society, and that the minutes of the meetings held prior to the institution of this suit contained no reference to negotiations between the board of education and the society concerning this property.   The negotiations with Pines took place in March and May, 1925, and the suit was instituted in July following. The secretary testified that she was present at the meetings of the officers of the society in April, May and June, and that nothing was said at any of them concerning the desire of the board of education to purchase the property in question.

Where the negotiations concerning the purchase of property are carried on with one who purports to represent the owner, the petitioner, to support its allegation that there was an endeavor and inability to agree with the owner, must prove that the agent with whom it dealt was acting within the scope of his authority.   An agency cannot be proved by the mere acts or declarations of an agent when the fact of his agency is in issue.   (*Proctor* v. *Tows*, 115 Ill. 138; 2 Jones' Com. on Evidence, sec. 255; 2 Wigmore

on Evidence,—2d ed.—sec. 1078.) Before the declarations of an agent can bind his principal it must be shown (1) that he was his agent, (2) that such declarations were made in and about a matter over which the agent had authority from the principal to act, and (3) that he was acting under and by virtue of his authority as such agent. The mere fact that Pines had possession of certain legal documents having to do with the property in question does not show that he had authority, as agent, to deal with a prospective purchaser of the property. There is no evidence in the record showing that Pines was the agent of appellant to agree upon a price for the land. The evidence is undisputed that he was not such an agent and that the desire of the board of education to purchase this property for a school site was never in any way communicated to appellant or any of its officers prior to the institution of the suit. Unless the petitioner can establish the authority of Pines to act in negotiations for the sale of this property and can show a *bona fide* attempt to agree with appellant upon just compensation for it the petition must be dismissed. *Connecticut College for Women* v. *Alexander,* 85 Conn. 602, 84 Atl. 365.

Preliminary to submission to the jury of the question of compensation the court must determine whether the right of condemnation in a particular case exists. (*Gillette* v. *Aurora Railways Co.* 228 Ill. 261; *O'Hare* v. *Chicago, Madison and Northern Railroad Co.* 139 id. 151.) The court erred in submitting this case to a jury because of the failure of petitioner to establish that the right of condemnation in this particular case existed.

The judgment is reversed and the cause is remanded to the circuit court of Cook county for a further hearing on the question of the right to prosecute this suit to condemn and for other proceedings consistent with the views herein expressed.                    *Reversed and remanded.*