STATE OF CONNECTICUT *v.* RAYMOND J. FAHEY

BALDWIN, C. J., KING, MURPHY, MELLITZ and SHEA, Js.

Argued October 8—decided November 24, 1959

*Wesley C. Gryk,* with whom, on the brief, was *Anthony J. Gryk,* for the appellant (defendant).

*Jack Rubin,* assistant attorney general, with whom, on the brief, was *Albert L. Coles,* attorney general, for the appellee (plaintiff).

MELLITZ, J. This is an appeal from the denial of the defendant's motion to revoke an order referring to a state referee the ascertainment of the damages for the taking of the defendant's property for the improvement of an airport, Bradley Field, in the town of Suffield. The matter has been before us on a motion of the plaintiff to dismiss the appeal. *State* v. *Fahey,* 146 Conn. 55, 147 A.2d 476. A summary of the pleadings and the background of the appeal appears in that opinion (p. 56). We stated (p. 58) that the order of reference was a final judgment from which an appeal could be taken. *Bristol* v. *Bristol Water Co.,* 85 Conn. 663, 670, 84 A. 314; *Antman* v. *Connecticut Light & Power Co.,* 117 Conn. 230, 235, 167 A. 715. We added, however, that the appeal, so far as it pertained to the making of the order, was not timely because it was not taken within two weeks of the date of the order. We held that the appeal as it related to the denial of the defendant's motion to revoke the order was timely and should not be dismissed. We said (p. 59) that the motion to revoke the order of reference was the legal equivalent of a motion to open a judgment, the de-

nial of which constituted a final judgment from which an appeal lies. The single question before us is whether the court erred in denying the defendant's motion that the order of reference be revoked.

A motion to open and vacate a judgment during the term at which it was rendered is addressed to the court's discretion, and the action of the court will not be disturbed on appeal unless it has acted unreasonably and in clear abuse of its discretion. *Cichy* v. *Kostyk,* 143 Conn. 688, 697, 125 A.2d 483; *McCulloch* v. *Pittsburgh Plate Glass Co.,* 107 Conn. 164, 167, 140 A. 114. The denial of the defendant's motion to revoke the order of reference must stand unless the court abused its legal discretion or its action was otherwise based on some error in law. *Carrington* v. *Muhlfeld,* 122 Conn. 334, 337, 189 A. 184.

The basis of the motion to revoke the order of reference is that the order was made despite the fact that the defendant had filed an answer denying certain allegations of the petition and the issues framed by the answer had not been determined. One issue which the answer presented was whether the parties were unable to agree on the amount of compensation. Inability to agree is a condition precedent to relief under the statute under which the petition was brought; General Statutes § 15-79; *West Hartford* v. *Talcott,* 138 Conn. 82, 89, 82 A.2d 351; and the burden of proof on the issue was on the plaintiff. *Connecticut College* v. *Alexander,* 85 Conn. 602, 605, 84 A. 365; *New York, N.H. & H.R. Co.* v. *Long,* 69 Conn. 424, 439, 37 A. 1070. On an appeal from the order of reference, the defendant could have assigned error in the failure of the court to determine this issue before making the order of reference. Likewise, the defendant could have as-

signed error in the other rulings which were made in the course of the proceeding and which are claimed by the defendant to be erroneous. In essence, what the defendant sought to accomplish by a revocation of the order of reference was another opportunity to present the claims which he could have presented had he appealed from the order. But no appeal from the order was seasonably taken. Claimed errors which might have been assigned on such an appeal are no longer open to review. *Antman* v. *Connecticut Light & Power Co.*, 117 Conn. 230, 235, 167 A. 715; *Krooner* v. *State,* 137 Conn. 58, 60, 75 A.2d 51.

We have, on occasion, found error in the failure of a court to open a judgment, where opening it would prevent an apparent miscarriage of justice. *Ideal Financing Assn.* v. *LaBonte,* 120 Conn. 190, 196, 180 A. 300. We cannot say on the showing here that the court abused its discretion or otherwise erred in refusing to revoke the order of reference. Particularly is this so because the record does not indicate that the defendant opposed the entry of the order of reference by calling the court's attention either to the state of the pleadings or to any other obstacle to the reference, or that the defendant sought any postponement, or that he had any good reason for not taking a timely appeal from the order of reference.

While this discussion disposes of the case, we briefly note a claim made by the plaintiff in argument, that *State* v. *Fahey,* 146 Conn. 55, 147 A.2d 476, changed our settled rule as to pleading and burden of proof in condemnation cases. Such a claim is without foundation. The complaint, as it related to the issue of the necessity for the taking, lacked clarity of expression. After alleging in para-

graph 2 that "the Aeronautics Commission has determined that the above-described property, together with all appurtenances thereto, is, in the opinion of the said Aeronautics Commission, found to be necessary," the complaint departed from the usual form, as given in Practice Book, Form No. 407, paragraph 3, and proceeded to allege "and public convenience and safety requires such taking for the expansion and improvement of Bradley Field, so-called." This was not an allegation of a determination of a fact by the condemnor but an allegation of the fact itself. The state unnecessarily, but voluntarily, alleged this ultimate fact. *Water Commissioners* v. *Johnson,* 86 Conn. 151, 160, 84 A. 727. The denial of the allegation by the defendant's answer put the fact alleged in issue, although this would not have been the case if the fact had not been affirmatively pleaded by the condemnor. In *State* v. *Fahey,* supra, 58, we said no more than that "the defendant by a proper pleading could obtain a judicial review . . . in which the issue whether the taking was unreasonable or in abuse of the petitioner's power could be raised and decided." We were passing on a motion to dismiss the appeal. No question of the adequacy of the pleadings was involved. In seeking to acquire the defendant's property, the aeronautics commission was proceeding under the authority vested in it by § 15-79 of the General Statutes. The determination of what property was necessary for the expansion of the airport was primarily within the province of the commission. *Water Commissioners* v. *Johnson,* supra, 158. The decision of the commission as to the necessity for the taking of the defendant's property was open to judicial review only for the purpose of discovering if the decision was unreasonable or in bad faith or

an abuse of the power conferred. *Gohld Realty Co. v. Hartford,* 141 Conn. 135, 146, 104 A.2d 365. As to that issue, the complaint here needed only to allege that the commission had determined that it was necessary to take the defendant's property for the public purpose involved, leaving the burden of attack upon the defendant. *Bridgeport Hydraulic Co. v. Rempsen,* 124 Conn. 437, 442, 200 A. 348. If the complaint had been so drawn and the defendant had desired to contest the legality of the commission's decision on the ground that it was unreasonable, in bad faith or an abuse of power, it would have been incumbent upon him specifically to allege facts showing unreasonableness, bad faith or abuse of power. See *State* v. *McCook,* 109 Conn. 621, 635-639, 147 A. 126, 359 Rec. & Briefs 552-558.

There is no error.

In this opinion the other judges concurred.